The relief described hereinbelow is SO ORDERED.

Signed May 18, 2009.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Stephanie Marie Coleman, | ) | Case No. 04-22396-RDB-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| Stephanie Marie Coleman, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Adversary No. 05-06052 |
| | ) | |
| Educational Credit Management Corporation, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

<u>JOURNAL ENTRY OF JUDGMENT AND MEMORANDUM OF DECISION</u>

On the 17th day of April, 2009, this matter came on for trial regarding whether repayment of the student loan would create an undue hardship for Ms. Coleman. Plaintiff appeared by and through Tracy L. Robinson. ECMC appeared by and through N. Larry Bork of Goodell, Stratton,

Edmonds & Palmer, L.L.P. Middle Tennessee State University appeared by and through Gill R Geldreich. There are no other appearances. The parties stipulated to the admission of all exhibits offered and therefore all exhibits were admitted into evidence.

Upon review of the file, presentation of the evidence through Ms. Coleman and review of the admitted exhibits, the court finds that plaintiff prevailed in her burden to show that repayment of her student loan would impose an undue hardship as required by 11 U.S.C. § 523(a)(8). Therefore, the entire student loan debt held by plaintiff and owed to ECMC or Middle Tennessee State University is discharged.

The court's full and complete rationale for its finding was stated orally immediately after the trial and is incorporated herein by reference as if set out in full. In summary, the court considered the totality of the circumstances as required by *Alderete v. Educational Credit Management Corp.*, 412 F.3d 1200 (10th Cir. 2005), *Educational Credit Management Corp. v. Polleys*, 356 F.3d 1302 (10th Cir. 2004), *In Re Brunner*, 46 B.R. 752, 756 (S.D.N.Y. 1985) *aff'd* 831 F.2d 395 (2nd Cir. 1987). The *Brunner* test as adopted in Kansas:

(1) The debtor's past, present and reasonably reliable future financial resources;

(2) A calculation of the debtor's reasonable and necessary living expenses; and

(3) Any other relevant facts and circumstances surrounding this particular case.

The court's analysis and determination was based on each of those factors and is contained in the oral opinion, previously referenced.

While finding that the plaintiff had prevailed in her burden to show that repayment of the debt would impose an undue hardship, the court does find that she is unable to pay the entire student loan debt.

IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED that the

entire amount of the student loan debt held by ECMC and Middle Tennessee State University is found to be dischargeable.

    IT IS SO ORDERED.

###

APPROVED BY:

 /s/ N. Larry Bork

N. Larry Bork - #11810
GOODELL, STRATTON, EDMONDS
 & PALMER, L.L.P.
515 S. Kansas
Topeka, KS 66603
785/233-0593
Attorneys for ECMC

APPROVED BY:

 /s/ Tracy Robinson

Tracy L. Robinson, KS #14423
Christopher J. Hanson, KS #77831
818 Grand Boulevard, Suite 505
Kansas City, MO 64106
Attorneys for Debtor/Plaintiff